IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 98-504 |
| ROBERT LEANDER FLOYD | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                      **May 8, 2023**

Defendant Robert Leander Floyd moves to set aside the judgment and correct his sentence in this case pursuant to 28 U.S.C. § 2255 on the grounds that his convictions and sentences under 18 U.S.C. §§ 924(c)(1) and (e) did not involve "violent felonies" or "crimes of violence." Because this argument is meritless, his motion shall be denied.

**CASE HISTORY**

On September 24, 1998, Floyd was charged in a grand jury indictment with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (Count One), use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count Two), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e) (Count Three). These charges arose out of Floyd's use of a gun to rob the CoreStates Bank at 259 South Easton Road in Glenside, Pennsylvania on August 13, 1998, and having been in possession of two loaded firearms when he was arrested at a shopping mall in Cheltenham Township, PA for the robbery on September 2, 1998.

At the time he committed the offenses at issue in this case, Floyd was nearly 35 years old and had a criminal record dating back to 1982, when he was 19. Pre-sentence Investigation Report

("PSR") 5-6.  Specifically, Floyd's record included convictions for aggravated assault, simple assault, possession of an instrument of crime and recklessly endangering another person on November 4, 1982, robbery on January 24, 1985, and possession of a controlled substance on January 28, 1994, all in the Philadelphia County Court of Common Pleas, and convictions for two armed bank robberies in the U.S. District Court for the Middle District of Pennsylvania on May 21, 1985.  Floyd also had several parole violations for using cocaine and being in possession of firearms. [1]  PSR 5-8.  Floyd's jury trial in this case commenced on March 29, 1999 before the Honorable Charles R. Weiner and ended in his conviction on all three counts on April 1, 1999. Based upon his prior convictions, Floyd was sentenced under the Armed Career Criminal Act to 290 months' incarceration on Counts One and Three to run concurrently, 60 months' imprisonment on Count Two to be served consecutively to the sentence on the other two counts, and five years of supervised release.  Floyd was also ordered to pay $21,754 in restitution and a $300 special assessment.  J. 2-5, ECF No. 26.  He did not appeal.

Floyd filed this motion pursuant to § 2255 on June 29, 2016[2] based on the Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015), that the "residual clause" definition of

---

[1]  Additionally, as of the date the PSR was prepared, Floyd had pending charges for attempted criminal homicide in the Allegheny County Court of Common Pleas  resulting from his efforts to kill his cellmate with a shank in the State Correctional Institution in Pittsburgh, PA.  PSR 8.

[2]  Floyd's motion was filed on the docket in this case and on the docket in Criminal No. 00-394, which arose out of Floyd's participation in an armed robbery of a PNC Bank in Flourtown, PA some six months before the robbery which is the subject of this action.  Floyd pled guilty in that case and was sentenced to 235 months' incarceration on Counts I and II to run concurrently and a consecutive term of 60 months on Count III on July 24, 2001 by Judge Jan E. DuBois.  *See* J. 7/24/21, Crim. No. 00-394, ECF No. 57.  On September 9, 2022, following receipt of  a Notice of Binding Authority from the Federal Defender Association conceding Floyd's motion could not succeed in that case because armed bank robbery remains a crime of violence under *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018), Judge Karen S. Marston issued an Order denying Floyd's § 2255 motion in that case in all respects.  9/9/22 Order, ECF No. 80.

"violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") was unconstitutionally vague.[3]  More particularly, Floyd asserts he does not qualify for armed career criminal status because he does not have the required three prior convictions which qualify as predicate offenses under the remaining clauses of the ACCA.  Def.'s Mot. Correct Sentence Under § 2255 at 3, ECF No. 73. Floyd also argues his two convictions and sentences under 18 U.S.C. § 924(c) should be set aside because the residual clause in § 924(c)(3)(B) is similarly unconstitutionally vague.[4]  Floyd contends he therefore does not have the predicate "crimes of violence" necessary to sustain his sentence under § 924(c)(1)(A)(i) to the consecutive five-year

---

[3]  The residual clause was located at 18 U.S.C. § 924(e)(2)(B)(ii).  Floyd's § 2255 motion is timely as it was filed within one year of the Supreme Court's holding in *Welch v. United States*, 578 U.S. 120, 130 (2016) that *Johnson* is retroactively applicable to  prisoner's cases on collateral review.
[4]  Although Floyd based his § 924(c) challenge solely on *Johnson,* the Supreme Court subsequently also invalidated the residual clause set forth in § 924(c)(3)(B) as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019).

term of imprisonment or to qualify him for the sentencing enhancements under U.S.S.G. §§ 2K2.1, 4B1.1, and 4B1.2.[5]  *Id.* 6-8.[6]

## LEGAL STANDARDS

Prisoners in federal custody are permitted under 28 U.S.C. § 2255(a) to "move the court which imposed the sentence to vacate, set aside or correct the sentence" and to "claim the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  While the remedy available under § 2255 is comprehensive, it does not encompass all

---

[5]  Specifically, Floyd received a Base Offense Level of 24 under U.S.S.G. § 2K2.1(a)(2) because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and an enhancement for being a career offender under § 4B1.1 (defining career offender as a defendant who was at least 18 years old at the time of commission of the instant offense, has at least two prior felony convictions of either a crime of violence or controlled substance offense, and the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense).  Under § 4B1.2(a),

'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that  -

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

[6]  Floyd further argues U.S.S.G. § 4B1.2(a)(2)'s residual clause is void for vagueness under *Johnson* and, because his conviction for armed bank robbery and conspiracy fell under the residual clause, he can no longer be considered a career offender.  Hence, Floyd submits his sentence violated his right to due process of law.  Def.'s Mot. Correct Sentence Under § 2255 at 8-9, ECF No. 73.  However, this argument was rejected by the Supreme Court in its holding in *Beckles v. United States*, 580 U.S. 256 (2017), that the Federal Sentencing Guidelines' residual clause concerning sentencing enhancement for crimes of violence was not subject to vagueness challenges under the Fifth Amendment's due process clause.  *Id.* at 259.  The Court therefore denies Floyd's motion as to this argument as meritless.

claimed errors in conviction and sentencing.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack

is drastically limited, and an error of fact or law will not provide a basis for collateral attack unless

it is "objectively ascertainable" and constituted "a fundamental defect which inherently results in

a complete miscarriage of justice." *Id.; see also, United States v. Eakman*, 378 F.3d 294, 300-01

(3d Cir. 2004).

The standards and processes for adjudicating § 2255 motions are set forth in subsection

(b), as follows:

> Unless the motion and the files and records of the case
> conclusively show that the prisoner is entitled to no relief, the
> court shall cause notice thereof to be served upon the United
> States attorney, grant a prompt hearing thereon, determine the
> issues and make findings of fact and conclusions of law with
> respect thereto.  If the court finds that the judgment was rendered
> without jurisdiction, or that the sentence imposed was not
> authorized by law or otherwise open to collateral attack, or that
> there has been such a denial or infringement of the constitutional
> rights of the prisoner as to render the judgment vulnerable to
> collateral attack, the court shall vacate and set the judgment aside
> and shall discharge the prisoner or resentence him or grant a new
> trial or correct the sentence as may appear appropriate.

§ 2255(b).  As the preceding language suggests, "a district court has discretion whether to order a

hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255," but

there are limitations on the exercise of that discretion.  *United States v. Booth*, 432 F.3d 542, 545

(3d Cir. 2005).  "A district court is required to hold an evidentiary hearing unless the motion and

files and records of the case show conclusively that the movant is not entitled to relief."  *United

States v. Scripps*, 961 F.3d 626, 631-632 (3d Cir. 2020).  Determining whether a hearing is

necessary involves a two-pronged inquiry.  "First, the district court 'must consider as true all

appellant's nonfrivolous factual claims.'" *Id.* (citation omitted).  "Second, it 'must determine

5

whether, on the existing record, those claims that are nonfrivolous conclusively fail to show'" any entitlement to relief. *United States v. Arrington,* 13 F.4th 331, 334 (3d Cir. 2021) (quoting *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988)). If the motion "alleges any facts warranting relief under § 2255 that are not clearly resolved by the record," the district court is "obliged to follow the statutory mandate to hold an evidentiary hearing." *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005). Finally, in considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't. of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Bald assertions and conclusory allegations do not provide sufficient grounds to merit an evidentiary hearing. *United States v. Donahue*, 792 F. App'x 165, 168 (3d Cir. 2019). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

**DISCUSSION**

Because it is clear from the motion, the record, and the available files that Floyd is not entitled to relief under § 2255, the Court will dispose of the motion without holding an evidentiary hearing.

As noted, Floyd is challenging his convictions and the sentences imposed on him pursuant to §§ 924(c)(1) and (e) on the grounds that his prior convictions were not for "violent felonies" or "crimes of violence" within the meaning of the ACCA or § 924(c).[7] Since the *Davis* decision, a

---

[7] Specifically, Section 924(c)(1)(A) provides in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the

"crime of violence" is now defined only under the "elements" clause of § 924(c)(3)(A) to mean "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." And, under 18 U.S.C. § 924(c)(1)(D), "[n]otwithstanding any other provision of law," no term of imprisonment imposed under this subsection shall run concurrently with any other term of imprisonment imposed, "including any term of imprisonment imposed for the crime of violence during which the firearm was used, carried, or possessed."

Prior to his conviction and sentence in this case, Floyd had a criminal record dating back to 1982 which included convictions in the Philadelphia Court of Common Pleas for committing the crimes of aggravated assault, simple assault, possession of an instrument of crime and recklessly endangering another person on November 4, 1982, robbery on January 24, 1985, and possession of a controlled substance on January 28, 1994, and convictions in the U.S. District Court for the Middle District of Pennsylvania for committing two armed bank robberies on February 13 and February 15, 1985 in Roslyn and Stroudsburg, Pennsylvania which were

---

punishment provided for such crime of violence or drug trafficking crime – (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Similarly, § 924(e)(1) provides in relevant part:

In the case of a person who violates section 922(g) of this title . . . and has three previous convictions by any court referred to in section 922(g)(1) of this title . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

consolidated for sentencing purposes. PSR 5-6.  There is no question that the use of a gun to rob a

bank is a crime of violence.  Indeed, in applying the categorical approach[8] to the subsections of

the statute which Floyd was convicted of violating, 18 U.S.C. §§ 2113(a) and (d),[9] the Third Circuit

has determined that the conduct proscribed thereunder is categorically a crime of violence under

the elements clause of § 924(c)(3), as the least culpable conduct covered by the statute clearly

involves the "threatened use of physical force against the person of another."  *United States v.

Johnson*, 899 F.3d at 202-04 (3d Cir. 2018) (finding armed bank robbery under § 2113(d) is

categorical crime of violence); *United States v. Wilson*, 880 F.3d 80, 85 (3d Cir. 2018) (holding

---

[8]  The categorical approach calls for a comparison of "the elements of the statute forming the basis of the defendant's conviction" with the definition of crime of violence.  *United States v. Chapman*, 866 F.3d 129, 133-34 (3d Cir. 2017) (quoting *Descamps v. United States*, 570 U.S. 254, 257(2013)).  Under the approach, the courts look only to the statutory definitions or elements of a defendant's offense and not to the particular facts underlying the conviction.  *Id.* at 134.  The modified categorical approach is similar but applies when a statute is divisible and the record establishes that a particular subsection of the statute is the basis for the conviction.  *United States v. Mayo*, 901 F.3d 218, 225 (3d Cir. 2018).  In those circumstances, a court may assess whether a conviction under a particular statutory subsection would categorically qualify as a predicate offense by examining the terms of materials in the record such as the charging document, plea agreement, transcript of colloquy between judge and defendant or some comparable judicial record.  *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Mayo*, 901 F.3d at 225.

[9]  In relevant part, these sub-parts of § 2113 provide:

> (a) Whoever, by force or violence, or by intimidation, takes or attempts to take from the person of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or savings and loan association; . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.
>
> . . .
>
> (d)  Whoever, in committing or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

unarmed bank robbery under § 2113(a) is categorical crime of violence).  Thus, Floyd was properly charged, convicted, and sentenced to a consecutive five-year term of incarceration for violating § 924(c)(1)(A).

The Court also finds no reason to disturb Floyd's conviction and sentence for being a felon in possession of a firearm or the sentence he received as an armed career criminal under § 924(e)(1).  Again, the record reflects Floyd had several prior convictions in both the Pennsylvania state court and in the U.S. District Court for the Middle District of Pennsylvania for crimes punishable by terms of imprisonment in excess of one year at the time he committed the offenses in this case.  Previously, Floyd was sentenced on February 28, 1983 in the Philadelphia County Court of Common Pleas for aggravated assault for attacking another person with a pipe and a knife in violation of 18 Pa. CONS. STAT. § 2702(a)(4),[10] a second-degree felony for which he was subject

---

[10]  While the available record does not disclose precisely which subsection of 18 Pa. CONS. STAT. § 2702(a) Floyd was convicted of violating, the Government asserts and Floyd does not dispute that his conviction fell under § 2702(a)(4) (defining aggravated assault as occurring when a person "attempts to cause or knowingly causes bodily injury to another with a deadly weapon").  Again, when a statute is divisible and when the record, based on a review of the terms of the charging document, plea agreement, transcript of colloquy between judge and defendant or some comparable judicial record, establishes that a particular subsection of a statute is the basis of conviction, the so-called modified categorical approach may be used to assess whether a conviction under a particular statutory subsection would categorically qualify as an ACCA predicate offense.  *Shepard*, 544 U.S. at 25; *United States v. Ramos*, 892 F.3d at 606-07.  A court also "may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant."  *United States v. Watkins*, 54 F.3d 163, 166-67 (3d Cir. 1995).  The Pennsylvania aggravated assault statute, 18 Pa. CONS.STAT. § 2701 has been found to be divisible in two different ways: (1) it proscribes two alternative degrees of aggravated assault subject to different maximum sentences, and (2) it sets out divisible forms of aggravated assault into first- and second-degree felonies and further divides second-degree aggravated assault into four alternatives listing alternative elements.  *Ramos*, 892 F.3d at 609.  The Court in *Ramos* also looked to the PSR and further determined that a § 2702(a)(4) conviction is categorially a crime of violence.  In contrast, convictions under § 2702(a)(1) do not categorically constitute crimes of violence insofar as use or attempted use of physical force is not a required element under that portion of the statute.  *Mayo*, 901 F.3d at 226; *see also*, *United States v. Harris*, 289 A.3d 1060 (Pa. 2023) (holding use or attempted use of physical force not element of aggravated assault under § 2702(a)(1) as certified question of law from Third Circuit).  In thus applying the modified

to a sentence of up to ten years' imprisonment.  *See* 18 Pa. CONS. STAT. §1103(2).  PSR 5.  On

April 23, 1985, Floyd was sentenced in the Philadelphia Common Pleas Court for having robbed

an individual at gunpoint of $150 and various personal items in violation of 18 Pa. CONS. STAT. §

3701(a)(1), a first-degree felony punishable by up to twenty years in prison.  *See* 18 Pa. CONS.

STAT. §1103(1).  Floyd's sentence for that offense was five to ten years' incarceration in a state

correctional institution to run concurrently to any federal sentence which he may then be serving.

*Id.*  Floyd was also convicted in the U.S. District Court for the Middle District of Pennsylvania for

two armed bank robberies in Roslyn and Stroudsburg, PA which occurred on February 13, and

February 15, 1985 in which $873 and $4,173, respectively were stolen in violation of 18 U.S.C. §

2113(d) and sentenced on May 21, 1985 to serve a total of fifteen years' imprisonment for those

offenses.  PSR 6.  Accordingly, Floyd had previously been convicted of crimes punishable by

imprisonment for a term exceeding one year and his §§ 922(g) and 924(e) convictions were

therefore proper.

Turning next to the propriety of Floyd's sentencing enhancements, the Court must

determine whether his prior convictions were in fact "violent felonies" within the meaning of §

924(e).  As previously noted, this question has already been answered affirmatively with respect

to the federal bank robbery offenses charged under 18 U.S.C. § 2113 by the Third Circuit's rulings

in *United States v. Johnson* and *United States v. Wilson*, both *supra.*  Likewise, in *United States v.*

*Ramos,* 892 F.3d at 611, the Third Circuit held Pennsylvania's offense of second-degree

---

categorical approach here, the Court finds Floyd was convicted under § 2702(a)(4) given that the
assault was described in the PSR as "an assault with a knife and a pipe," and Floyd was
concurrently also convicted of the offense of possession of an instrument of crime in violation of
18 Pa. CONS. STAT. § 907 as a result of the same incident.  PSR 4-5.  Further, no other subsection
of § 2702(a) includes or requires possession or use of an instrument or weapon in the commission
of the crime of assault.  PSR 5.  *Pereida v. Wilkinson*, 141 S. Ct. 754, 763 (2021).

aggravated assault with a deadly weapon "categorically involves the use or attempted use of physical force," and therefore "a prior § 2702(a)(4) conviction is a crime of violence." *Id.* Inasmuch as Floyd committed these three offenses on November 4, 1982, February 13, 1985 and February 15, 1985 and was charged on separate docket numbers: Phila. CCP No. 8301-0653, M.D. Pa. Nos. 85-00046-01 and 85-00232-01, the Court finds they were "committed on occasions different from one another" and were "punishable by imprisonment for a term exceeding one year." 18 U.S.C. §§ 922(g)(1), 924(e)(1). Floyd's sentence was therefore proper under the ACCA. There is no reason to disturb Floyd's convictions or the sentence imposed on him, and his Motion to Vacate, Set Aside or Correct Sentence under 18 U.S.C. § 2255 is denied.[11]

The Court further finds that Floyd has not made the requisite substantial showing of the denial of a constitutional right or demonstrated that jurists of reason would find either this

---

[11] In its response to the instant motion, the Government has also undertaken a lengthy analysis of whether Pennsylvania's Robbery Statute, 18 Pa. CONS.STAT. § 3701, is divisible and whether Floyd has met his burden of showing his conviction thereunder was not a "crime of violence" so as to entitle him to relief under § 2255. The Pennsylvania statute has been found to be divisible, *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018), and at least two of its subsections have been held to categorically qualify as crimes of violence, albeit in non-precedential decisions. *See, e.g.*, *United States v. Cavanaugh*, 2021 U.S. App. LEXIS 34788, at *8 (3d Cir. Nov. 22, 2021) (holding robbery under § 3701(a)(1)(v) is crime of violence); *United States v. Riley*, 574 F. Supp. 3d 248, 263 (E.D. Pa. 2021), *United States v. Morris*, 2022 U.S. Dist. LEXIS 171800, at *9 (E.D. Pa. Sept. 21, 2022) (holding robbery under § 3701(a)(1)(ii) is crime of violence). Notwithstanding the Court's finding that Floyd has the requisite three previous violent felony convictions, it agrees with the non-precedential holdings and finds that, in all probability, Floyd's robbery conviction was pursuant to § 3701(a)(1)(ii) (given the PSR's statement that Floyd held the victim at gunpoint while robbing him of $150 and various personal items). PSR 5. Regardless, Floyd argues only that none of the three grades of robbery prohibited by the Pennsylvania statute categorically requires the use of violent force. Mot. Correct Sentence Under § 2255 at 4, ECF No. 73. He has produced no evidence nor pointed to any materials in the record to show he was not convicted of violating § 3701(a)(1)(ii) or (v). The general rule in habeas cases is that it is the petitioner who bears the burden of proving the illegality of his conviction. *Peppers*, 899 F.3d at 224, n.6; *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977). Floyd fails to meet this burden with respect to his state court robbery conviction. Hence, this conviction too qualifies as a previous violent felony conviction for purposes of the ACCA enhancement.

conclusion or the correctness of the Court's procedural rulings to be debatable. *See generally*, 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  There is thus no basis upon which to issue a Certificate of Appealability.

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez

_____
Juan R. Sánchez,      C.J.